LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-08909-BRO (JPRx) | Date | January 6, 2016 |
|---|---|---|---|
| Title | JAVIER RAMIREZ ET AL V. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND [11]

### I.   INTRODUCTION

Pending before the Court is Plaintiffs Javier Ramirez and Maria Cuevas's ("Plaintiffs") Motion to Remand this case to the Los Angeles County Superior Court for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 11.) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiffs' Motion to Remand.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 2015, Plaintiffs commenced an action against Defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB and World Savings Bank, FSB ("Wells Fargo" or "Defendant") in the Superior Court of California for the County of Los Angeles. (Dkt. No. 1 (hereinafter, "Def.'s Notice of Removal"), Ex. A (hereinafter, "Compl.").) Plaintiffs' Complaint arises out of loan activity related to Plaintiffs' home, located in Northridge, California. (Compl. ¶¶ 1, 29.) Plaintiffs claim they obtained the mortgage loan in 2002, and refinanced their loan in 2006 in the amount of $628,000. (Compl. ¶¶ 29, 30.) Due to financial hardship, Plaintiffs faced "imminent default." (Compl. ¶ 34.) According to Plaintiffs, Plaintiffs contacted Defendant; Defendant instructed Plaintiffs to submit Requests for Mortgage Assistance, told Plaintiffs they could make a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-08909-BRO (JPRx) | Date | January 6, 2016 |
|---|---|---|---|
| Title | JAVIER RAMIREZ ET AL V. WELLS FARGO BANK, N.A. | | |

modified payment known as a Temporary Trial Plan or Trial Period Plan[1], and promised Plaintiffs that no foreclosure would occur. (Compl. ¶¶ 35, 36.) Despite Defendant's alleged promises, Defendant recorded a Notice of Default on August 7, 2012. (Compl. ¶ 37.) Plaintiffs assert that Defendant's employees continued to tell Plaintiffs that Defendant would offer mortgage relief "any day now" and that the periodic setting of Trustee Sale dates was a "technicality." (Compl. ¶ 44.) Plaintiffs allege that Defendant recorded a Notice of Trustee's Sale in November 2012. (Compl. ¶ 45.)

Based on this conduct, Plaintiffs assert that Defendant violated the California Homeowner Bill of Rights. (Compl. ¶¶ 59–75.) Plaintiffs also bring claims for breach of contract, promissory estoppel, negligence, constructive fraud, negligent misrepresentation, and violation of California Business and Professions Code section 17200, *et seq.* (Compl. ¶¶ 47–58, 76–101.)

Defendant removed Plaintiffs' lawsuit to this Court on November 16, 2015, on the basis of diversity jurisdiction. (Def.'s Notice of Removal at 1–2.) Plaintiff filed the instant Motion to Remand on December 4, 2015. (Dkt. No. 11 (hereinafter, "Mot.").) Defendant timely opposed Plaintiffs' Motion on December 14, 2015, indicating that "Plaintiffs' counsel . . . failed to engage in a meet and confer with Wells Fargo's counsel prior to filing the remand motion." (Dkt. No. 13 (hereinafter, "Opp'n") at 2 (citing C.D. Cal. L.R. 7-3).) The Court ordered the parties to *meaningfully* meet and confer pursuant to Local Rule 7-3. (Dkt. No. 16.) The parties then filed a joint declaration stating that counsel for the parties met and conferred but were unable to reach a resolution regarding Plaintiffs' Motion to Remand. (Dkt. No. 17.) Plaintiffs did not file a reply brief.

### III. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against

---

[1] Plaintiffs' Complaint uses both terms. (*Compare* Compl. ¶ 35, *with* Compl. ¶¶ 38, 46.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-08909-BRO (JPRx) | Date | January 6, 2016 |
|---|---|---|---|
| Title | JAVIER RAMIREZ ET AL V. WELLS FARGO BANK, N.A. | | |

removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to the diversity statute, 28 U.S.C. § 1332. Under § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The United States Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

The citizenship of nationally chartered banks, however, "is governed by 28 U.S.C § 1348, which provides in pertinent part: 'All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.'" *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (quoting 28 U.S.C. § 1348). "[U]nder § 1348, a national banking association is a citizen only of the state in which its main office is located." *Id.* at 715.

**IV. DISCUSSION**

Plaintiffs claim that Wells Fargo, a national bank, is a citizen of South Dakota (the location of Wells Fargo's main office) *and* California (Wells Fargo's principal place of business). (Mot. at 2–3.) Plaintiffs argue that Wells Fargo's principal place of business destroys complete diversity because Plaintiffs are citizens of California. (*Id.* at 2–5.) In their Motion, Plaintiffs rely on district court and appellate authority from outside of the Ninth Circuit that pre-date *Rouse* to claim that "[c]ourts have found that a national bank should be treated like a corporation for diversity jurisdiction and be deemed a citizen of the state of its principal place of business in addition to its main office." (Mot. at 3.)[2]

---

[2] Plaintiffs' Motion to Remand does not mention or cite to *Rouse*, a Ninth Circuit case which is binding on this Court.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-08909-BRO (JPRx)** | Date | January 6, 2016 |
|---|---|---|---|
| Title | **JAVIER RAMIREZ ET AL V. WELLS FARGO BANK, N.A.** | | |

Plaintiffs' assertion is an inaccurate statement of the law in the Ninth Circuit. *See Rouse*, 747 F.3d at 715.

Defendant cites to the Ninth Circuit case that clarified the precise issue Plaintiffs raise here. (Opp'n at 2 (citing *Rouse*, 747 F.3d at 715).) In *Rouse*, the Ninth Circuit described that the district court had remanded the case to California Superior Court for lack of jurisdiction "[b]ecause Wells Fargo's main office [was] in South Dakota and its principal place of business [was] in California, and the [plaintiffs were] citizens of California." *Rouse*, 747 F.3d at 715. The Ninth Circuit reversed the district court's judgement and held that "a national banking association is a citizen only of the state in which its main office is located." *Id.*

The parties agree that Wells Fargo is a national bank and that its main office is located in South Dakota. (*See* Dkt. No. 1 ("Def.'s Notice of Removal") at 4, Ex. E; Mot. at 2.) *Rouse* makes it clear that for purposes of diversity jurisdiction, Wells Fargo "is a citizen only of" South Dakota. *Rouse*, 747 F.3d at 715. Despite Plaintiffs' argument otherwise, Wells Fargo's principal place of business is not relevant to the Court's jurisdictional analysis. *See id.* Because Plaintiffs are citizens of California and Wells Fargo is only a citizen of South Dakota, the parties are completely diverse.

The Court is also satisfied that this case meets § 1332's amount in controversy requirement. (*See* Def.'s Notice of Removal at 4–7; Compl. ¶ 31 (referencing Plaintiffs' $628,000 loan); *see generally* Mot. (arguing lack of diversity jurisdiction, without objecting to the amount of controversy).) As such, Defendant properly removed Plaintiffs' action to federal court.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**                                      :

|   | Initials of Preparer | rf |
|---|---|---|